***NOT FOR PUBLICATION***

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHRISTINE BENEDICT, | : | |
| Plaintiff, | : | Civil Action No.: 15-2293(FLW) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| JPMORGAN CHASE BANK, N.A, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| CHRISTINE BENEDICT, | : | |
| Plaintiff, | : | Civil Action No.: 15-3343(FLW) |
| | : | |
| v. | : | |
| | : | |
| M&T BANK, N.A, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**WOLFSON**, **United States District Judge:**

*Pro se* Plaintiff Christine Benedict ("Plaintiff") brings the above-captioned cases against defendants, Federal Home Loan Mortgage Corporation, as Trustee for Freddie Mac Multiclass Certificates, Series 3225 Trust, and alternatively Federal Home Loan Mortgage Corporation, as Trustee for the Freddie Mac Multiclass Certificates, Series 3471 ("Freddie Mac"); JPMorgan Chase Bank, N.A. ("Chase"); M&T Bank, as Loan Servicer ("MT"); and Mortgage Electronic Registration Systems, Inc. ("MERS")(collectively, "Defendants"), for the purposes of challenging two mortgage foreclosure actions against her that are currently pending in the Superior Court of New Jersey.  In the instant matter, Defendants move to dismiss Plaintiff's Complaint in both

actions pursuant to Fed R. Civ. P. 12(b)(1), (b)(6) and the *Colorado River* doctrine.[1]  For the reasons set forth herein, Defendants' motion is **GRANTED**.

## BACKGROUND[2] and PROCEDURAL HISTORY

On March 30, 2015, Plaintiff filed a Complaint in Civil Action No. 15-2293(FLW) against Freddie Mac, Chase and MERS, concerning the property located at 408 River Avenue, Point Pleasant Beach, New Jersey 08742 ("Property I")(hereinafter referred to as the "Chase Complaint").  On May 14, 2015, Plaintiff filed another Complaint against Freddie Mac, MT and MERS under Civil Action No. 15-3343(FLW), with regard to the property located at 3899 Smith Drive, Point Pleasant, New Jersey 08742 ("Property II")(hereinafter referred to as the "MT Complaint").

In October 2006, Plaintiff applied, and was approved for, a residential loan ("Loan 1") by Washington Mutual Bank ("WaMu").  Compl. 1, ¶ 30.  Plaintiff executed a note agreeing to pay WaMu in monthly payments, and secured a mortgage on Property 1.[3] *Id.* at ¶ 31.  In January 2007, Loan 1 was sold to Freddie Mac.  *Id.* at ¶ 33.  In May 2008, Plaintiff obtained a residential loan ("Loan 2") and executed a note promising to pay Loan 2 in monthly installments.  Compl. 2, ¶¶ 25, 26.  Plaintiff secured a mortgage from MERS on Property 2.  *Id.*  Shortly thereafter, Loan 2 was sold to Freddie Mac.  *Id.* at ¶ 34.  M&T is the servicer for Loan 2.  *Id.* at ¶ 46.

---

[1]  The Magistrate Judge granted Defendants' request to file an omnibus motion to dismiss since both cases are substantially similar.

[2]  On this motion, the Court recounts facts from the Complaints and takes them as true.

[3]  Defendants submitted public documents that show that in September 2008, Chase purchased certain assets and liabilities, including mortgages, from the Federal Deposit Insurance Corporation as receiver of WaMu.  While this fact was not alleged in Plaintiff's Complaint, the Court can consider these public documents related to Plaintiff's mortgages.  *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).

While Plaintiff did not allege that she defaulted under the terms of the Loans 1 and 2, two foreclosure actions were filed in the Superior Court of New Jersey under Docket Nos.: F-38457-13 and F-48843-14, in connection with Plaintiff's alleged failure to make payments under Loans 1 and 2 ("State Foreclosure Actions").  These cases are currently pending before the state court. *See* State Court Foreclosure Complaints dated October 23, 2013 and November 19, 2014.

Instead of raising the issues in the State Foreclosure Actions, in the instant Complaints, Plaintiff essentially challenges the state actions by claiming that Defendants do not have standing to foreclose.  In addition, in both Complaints, Plaintiff asserts the following causes of actions, including: 1) injunctive relief as to the potential sale of the Properties; 2) requesting the Court to quiet title to the Properties; 3) negligence per se; 4) an accounting; 5) breach of the covenant of good faith and fair dealing; 6) breach of fiduciary duty; 7) wrongful foreclosure; 8) fraudulent concealment; 9) negligent infliction of emotional distress; 10) slander of title; 11) declaratory relief; 12) violation of the Real Estate Settlement Procedures Act ("RESPA"); 13) violation of the Home Ownership Equity Protection Act ("HOEPA"); 14) breach of contract; 15) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and 16) conversion.  The Court notes that in Plaintiff's opposition to Defendants' motion to dismiss, Plaintiff withdrew the following causes of action:  1) negligence per se; 2) breach of the covenant of good faith and fair dealing; 3) HOEPA; 4) accounting; 5) RESPA; 6) negligent infliction of emotional distress; and 7) slander of title.  *See* Pl. Opp. Br., p. 3.  All claims remaining relate to the propriety of Defendants' foreclosure actions.

In their motion to dismiss, Defendants argue that this Court lacks subject matter jurisdiction over these claims and that the Court should abstain pursuant to the Colorado River Doctrine.  I will first turn to the abstention doctrine.

**DISCUSSION**

**I.     *Colorado River* Abstention**

The Supreme Court has recognized that in limited circumstances a federal court may defer to pending state court proceedings based on considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800, 817 (1976). In determining whether it should abstain, a federal court may consider a number of factors: (1) whether the state court assumed in rem jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether state or federal law provides the rule of decision; and (6) whether the state court would adequately protect the rights at issue. *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983); *see also IFC Interconsult, AG v. Safeguard Intern. Partners, LLC*, 438 F.3d 298 (3d Cir. 2006).

As a threshold matter, any inquiry into whether such exceptional circumstances exist sufficient to warrant abstention must be preceded by a determination that the concurrent state and federal actions are parallel. *Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997); *see Bryant v. N.J. Dept. of Transp.*, 1 F. Supp. 2d 426, 437 (D.N.J. 1998) ("[t]he existence of a parallel state court action is a threshold issue which must be decided in any Colorado River abstention case because, if no parallel state court action exists, the district court lacks the power to abstain."). In general, cases are parallel when they involve the same parties and claims. *See Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield, Inc.*, 49 F. Supp. 2d 709, 718 (D.N.J. 1999).

Here, a comparison of Plaintiff's federal Complaints with the claims asserted in the earlier filed ongoing State Foreclosure Actions indicate that Plaintiff is attempting to interfere with the state foreclosure process and otherwise litigate claims that are currently being addressed in the state court.[4]  Indeed, it appears that Plaintiff brings this action to challenge the right to institute and perfect the pending State Foreclosure Action, asserting that Defendants do not have standing to foreclose on Plaintiff's mortgages and various fraudulent conduct on the part of Defendants. In that regard, Plaintiff's claims in this action arguably would mimic Plaintiffs' affirmative defenses and counterclaims in the pending State Foreclosure Actions.  As such, as a threshold issue, the Court finds that the State Court Foreclosure Actions and the actions initiated here by Plaintiff are parallel proceedings.

Next, the Court determines whether the factors weigh in favor of abstention.  As an example, in *DiPietro v. Landis Title Co.*, a bank initiated a foreclosure action against the plaintiff in state court seeking foreclosure and possession. No. 11-5110, 2012 U.S. Dist. LEXIS 80291 (D.N.J. June 11, 2012). The plaintiff filed an answer to the foreclosure complaint and asserted defenses and counterclaims seeking, among other things, damages for fraud. While the state court action was still being litigated, the plaintiff brought claims in the district court against the bank, the law firm representing the bank in the foreclosure action, the title company, and the judge and law clerk handling the foreclosure proceedings in state court. In the federal action, the plaintiff

---

[4] Notably, Plaintiff does not respond in any way to Defendants' contentions under *Colorado River*.  Rather, she makes arguments concerning the *Rooker-Feldman* doctrine, which was not raised by Defendants here.  In this regard, curiously, Plaintiff's arguments made in her opposition brief are virtually identical to an Opposition Brief filed by a *pro se* plaintiff in response to a motion to dismiss in a case in this district which does not involve any of the named parties in this case: *Darius B. Giibs v. Loancare, LLC*, No. 15-2601(MCA).  Also, in other parts of Plaintiff's brief, she cites to California law irrelevant to this matter, which supports this Court's suspicion that Plaintiff's seemingly unrelated legal and factual arguments are copied from other legal briefs that do not have similar issues presented in this case.

asserted that defendants violated numerous constitutional, statutory, and common law rights during their involvement in a state court foreclosure action. Pursuant to the *Colorado River* doctrine, the district court dismissed the federal action in its entirety holding that the two actions were parallel and substantially identical, and "they implicate important state interests—foreclosure of a property in New Jersey, the conduct of attorneys and judges in the state court, and the actions of a local bank and title company." 2012 U.S. Dist. LEXIS 80291, at *4.

Likewise, in *St. Clair v. Wertzberger*, a bank also brought a foreclosure action against the plaintiff in state court, and the plaintiff failed to answer the foreclosure complaint. 637 F. Supp. 2d 251 (D.N.J. 2009). A Notice of Entry of Final Judgment was sent to the plaintiff, and the plaintiff filed a motion to set aside the judgment of foreclosure, which was denied. The plaintiff then filed a motion for reconsideration which was also denied, however, no final judgment was entered. The plaintiff subsequently brought an action in federal court against the attorneys who represented the bank in the foreclosure proceeding asserting violations of the Fair Debt Collections Practices Act in their prosecution of the foreclosure of the plaintiffs home. The district court, like in *DiPietro*, held that pursuant to the Colorado River doctrine the district court must abstain from the federal action because the two actions were parallel and "a ruling in [the district] court on plaintiff's claims would unnecessarily cause havoc with the rulings of the state court." *Id.* 637 F. Supp. 2d at 255; *Ruffolo v. HSBC Bank USA, N.A.*, No. 14-638, 2014 U.S. Dist. LEXIS 141514 (D.N.J. Oct. 3, 2014)(abstaining from hearing plaintiffs' federal complaint because a parallel state foreclosure action was pending).

Here, like those district courts that have confronted similar issues, this Court finds that the factors weigh in favor of abstention. First, the state court initially obtained jurisdiction and has been overseeing the litigation of the State Foreclosure Actions, and the state also has exercised in

6

*rem* jurisdiction over Plaintiff's properties, which are located in New Jersey.  Second, Plaintiff's Complaint requests a declaration or injunction that would nullify or possibly contradict any ruling of the state court as to whether the transfer of title was proper.  Any relief that could be granted by this Court may impact "New Jersey's interest in protecting the authority of its judicial system." *Ruffolo*, 2014 U.S. Dist. LEXIS 141514, at *11.  Like in *DiPietro*, these actions "implicate important state interests—foreclosure of a property in New Jersey, the conduct of attorneys ... in the state court, and the actions of a local bank." *DiPietro*, 2012 U.S. Dist. LEXIS 80291 at *4.  More compelling, should this Court find that Defendants did not have standing to pursue the State Court Foreclosure Actions, an inconsistent state court judgment "would throw into turmoil the parties' rights and obligations over plaintiff['s] home and mortgage, as well as the comity between courts." *St. Clair*, 637 F. Supp. 2d at 255.  Third, while some of Plaintiffs' claims are based on federal law, the state court is an adequate forum to review Plaintiff's federal claims.  Fourth, the state court is capable of protecting the interests of Plaintiff in state court litigations, and Plaintiff's rights and claims may be vindicated there or through the state appellate process.  Finally, the State Foreclosure Actions have been ongoing in the county where the Properties and Plaintiff are located.  Litigating in the federal forum here would cause all parties additional time to litigate a "parallel" action in this Court.[5]

---

[5]  It also appears that under the circumstances of these cases, the Court should not interfere with the State Foreclosure Actions by addressing any of the claims in these federal actions pursuant to the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).  *See Cunningham v. JP Morgan Chase Bank*, 537 Fed. Appx. 44, 44-45 (3d Cir. 2013) (affirming dismissal of claims in federal court alleging there were instances of misconduct in a separate state-court action where foreclosure was a possibility); *Gray v. Pagano*, 287 Fed. Appx. 155, 157-58 (3d Cir. 2008) (dismissing complaint filed in connection with ongoing state-court foreclosure action, *inter alia*, as barred by *Younger* abstention); *see Thorne v. OneWest Bank, F.S.B.*, 2015 U.S. Dist. LEXIS 82498, at *8 (D.N.J. Jun. 25, 2015); *Cunningham v. Mortgage Contr. Servs. LLP*, 2015 U.S. Dist. LEXIS 99244, at *6-8 (D. Del. Jul. 30, 2015); *Gadaleta v. Houser Auctioneers*, 2014 U.S. Dist. LEXIS 94747, at *20 (M.D. Pa. May 6, 2014).

Because this Court finds that it should not interfere with ongoing state court proceedings and could possibly contradict any final judgment in the State Foreclosure Actions, it is therefore prudent for the Court to abstain from deciding Plaintiff's claims pursuant to *Colorado River*.[6]

Defendants' motion to dismiss both actions is **GRANTED**.


Dated: January 26, 2016 /s/ Freda L. Wolfson
Hon. Freda L. Wolfson
United States District Judge

---

[6] Defendants argue that the Complaints should be dismissed for lack of subject matter jurisdiction because the Anti-Injunction Act deprives this Court of the authority to enjoin or stay the State Foreclosure Actions. While Defendants' argument in this regard has merit, the Court need not address this issue since I am abstaining.